## Case No. 8,306.

### LEVY COURT OF WASHINGTON v. WASHINGTON.

[2 Cranch, C. C. 175.] [1]

Circuit Court, District of Columbia. June Term, 1819.

MUNICIPAL CORPORATIONS — LIABILITY TO COUNTY EXPENSES.

The following are items of general county expenses and charges to be borne and defrayed by the city of Washington and the other parts of the county equally, viz.: The charge for the attendance of the members of the levy court; the rent of the rooms; salary of the clerk; removing records; advertising notices of the times of meeting; summoning a member to attend; expense of assessment; commission for collecting county taxes.

This was an application, made to this court, on behalf of the levy court of the county of Washington, stating that a difference of opinion existed between the corporation of Washington and the levy court upon the question whether certain items charged by the levy court, in their account against the corporation of Washington, were, or might be properly called general expenses, and applicable to the whole county, and praying this court, under the authority of the act of congress of the 1st of July, 1812, § 11 (2 Stat. 773), "to inquire, determine, and settle, in a summary way, the matter in difference." The disputed items were:

| | |
|---|---:|
| For the attendance of the members of the levy court.............. | $ 362 00 |
| " the use of Davis & Crawford's rooms .................... | 58 00 |
| " salary of the clerk of the levy court at $250 per annum.... | 958 33 |
| " removing the records in 1814... | 19 00 |
| " advertising .................. | 21 75 |
| " express to William M'Murray.. | 2 50 |
| " discounts .................... | 92 40 |
| " expense of assessment........ | 490 00 |
| " commission on collection of taxes ................... | 1,267 64 |

It was admitted by the parties, that the amount charged for the attendance of the members of the levy court, was the amount to which they were entitled for compensation while engaged in the discharge of their duties, and that there was no evidence how long they were engaged in the general business of the county. That the sum charged for the salary of the clerk was the whole

[1] [Reported by Hon. William Cranch, Chief Judge.]

salary to which he was entitled, and that there was no evidence how long he was occupied in transacting the general business of the county. That the advertisements charged were for calling meetings of the levy court. That the express charged, was to summon a member of the court to attend a meeting. That the rooms charged, were for the general use of the levy court. That the charge for assessment, was for assessment of property out of the city of Washington preparatory to laying a tax on the said property; and that the charge for commissions on collection, was on the collection of taxes laid by the levy court on real estate in the said county, out of the limits of the city of Washington, by a collector of taxes appointed by the levy court.

By the act of congress of the 24th of February, 1804, § 4 (2 Stat. 254), it was enacted, "that the levy court of the county of Washington shall not hereafter possess the power of imposing any tax on the inhabitants of the city of Washington."

THE COURT (nem. con.) was of opinion that all the items were properly general expenses, and ought to be allowed, except the charge for discounts.

The judgment of the court, as entered on the minutes of the court, was as follows:— "This case coming on at the application of the levy court, upon notice admitted to the defendants, and on their appearance by counsel, and consenting to the settlement of this account according to the 11th section of the act of congress of July 1, 1812; the court is of opinion that all the items charged in this account are of general expenses except the item charged for discounts, $92.40, and do determine and settle the within account accordingly, and adjudge the balance there stated of $2,291.78 to be due from the said corporation of the city of Washington, and that they pay the same with costs."